IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LEROY LAMBERT,

    Defendant.

Case No. 92-CR-40065-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on defendant Leroy Lambert's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 336). Lambert was found guilty by a jury in 1993 of one count of conspiracy to possess with intent to distribute crack cocaine. Due to a firearms enhancement and drug quantities, the Court determined Lambert's offense level pursuant to U.S.S.G. § 2D1.1 to be 38. Lambert was determined to have a criminal history category of VI. Lambert's career offender level under U.S.S.G. § 4B1.1 was 37. Because Lambert's offense level was greater than his career offender level, his guideline range was calculated using his offense level of 38. His guideline range was 360 months to life. The Court sentenced Lambert to a term of imprisonment of 360 months, followed by a term of supervised release.

    Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under §

3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

**I.      Lowered Guideline Range**

Lambert satisfies the first criteria because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Because Lambert was sentenced based on his offense level set forth in U.S.S.G. § 2D1.1, the amendment has the effect of lowering his base offense level to 36.

**II.     Consistency with Policy Statement**

However, Lambert does not meet the second criterion. The Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendments 706 and 711 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.

However, not all defendants whose sentences were based, in whole or in part, on involvement with crack cocaine are eligible for such a reduction. For example, the application notes to U.S.S.G. § 1B1.10(a) plainly provide that a § 3582(c)(2) reduction is *not* authorized where the guideline amendment "does not have the effect of lowering the defendant's . . . guideline range

2

because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.1 app. note 1(A).

Because Lambert's career offender base offense level of 37 is greater than his revised base offense of 36, pursuant to U.S.S.G § 4B1.1, the Court uses the career offender level to determine the new applicable guideline range. For an offender with an offense level of 37 and a criminal history category of VI, the guideline range is 360 months to life. This the same as Lambert's original guideline range. Therefore, because of the operation of another guideline provision, the guideline amendment does not have the effect of lowering Lambert's guideline range. Thus, a reduction of Lambert's sentence would be inconsistent with the policy statement set forth in U.S.S.G. § 1B1.10, and therefore is not authorized by 18 U.S.C. § 3582(c)(2).

In sum, the Court has no discretion to reduce Lambert's sentence because he is not eligible for such a reduction. Accordingly, the Court **DENIES** Lambert's motion to reduce sentence (Doc. 336).

**IT IS SO ORDERED.**
**DATED: September 18, 2008.**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**