IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                        Case No. 92–CR–40065–JPG–5

LEROY LAMBERT,
Defendant.

## MEMORANDUM & ORDER

Before the Court is Defendant Anthony Leroy Lambert's Motion to Reduce Sentence, brought under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. (ECF No. 359). The Government responded, (ECF No. 361), and Lambert replied, (ECF No. 540). For the reasons below, the Court **DENIES** Lambert's Motion.

## I.    PROCEDURAL & FACTUAL HISTORY

In 1994, the Court sentenced Lambert to a term of 360 months' imprisonment after he conspired to distribute 50 grams or more of crack in violation of 21 U.S.C. § 841(b)(1)(A). (Judgment at 1, ECF No. 249; Second Superseding Indictment at 1–2, ECF No. 107). The total relevant conduct was between 500 and 1,500 grams of crack. (*See* Presentence Investigation Report at 6, ECF No. 244) [hereinafter "PSR"]. Because Lambert had a prior felony drug conviction, the Court determined that he was a career offender and considered a sentence within a range of 20 years to life imprisonment. (*Id.* at 8–9). The sentencing range suggested by the Guidelines Manual was 360 months to life, (*id.* at 12); and the Court ultimately imposed a 360-month sentence, followed by a 10-year term of supervised release, (Judgment at 1, 3).

Then, "[i]n 2018, Congress passed the First Step Act to address the disparities between sentences for crack and powder cocaine." *See United States v. Shaw*, 957 F.3d 734, 735 (7th Cir.

2020). "More specifically, if a defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act, he or she is eligible to have a court consider whether to reduce the previously imposed term of imprisonment." *Id.* For example, the Fair Sentencing Act modified "the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment[.]" *Id.* at 736.

Drug-offense penalties under federal law depend in part on the weight and type of the drug at issue and in part on the defendant's prior convictions. For crack offenses committed before August 2010, the statutory penalties relating to imprisonment were the following:

| Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
|---|---|---|---|---|
| (b)(1)(A) | > 50 grams | 10 years–life | 20 years–life | life |
| (b)(1)(B) | > 5 grams | 5-40 years | 10 years–life | 10 years–life |
| (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |

In 2010, Congress passed the Fair Sentencing Act. Section 2 of that Act, referred to in the First Step Act, changed the statutory penalties for crack offenses by increasing the quantity of crack required for imprisonment:

| Section 841 | Quantity | No prior offense | 1 prior offense | 2 prior offenses |
|---|---|---|---|---|
| (b)(1)(A) | > 280 grams | 10 years–life | 20 years–life | life |
| (b)(1)(B) | > 28 grams | 5-40 years | 10 years–life | 10 years–life |
| (b)(1)(C) | any | 0–20 years | 0–30 years | 0–30 years |

As the two charts illustrate, the Fair Sentencing Act changed the quantity that triggers certain penalties of imprisonment.

*Id.* at 736–37 (internal citations omitted). The First Step Act then applied these changes retroactively to defendants that committed a covered offense before August 3, 2010, the enactment date of the Fair Sentencing Act. *Id.* at 737.

Now, Lambert contends that he is entitled to a sentence reduction because he committed the crack offense before August 3, 2010; and the penalty for that crime was modified by the Fair Sentencing Act. (*See* Lambert's Mot. at 3–5). Even though he has completed the 30-year term of imprisonment, he asks the Court to reduce the 10-year term of supervised release to six years. (*See* Lambert's Reply at 6, 10).

## II.   LEGAL STANDARD

"A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence? The first question, which concerns a defendant's eligibility for a sentence reduction, is governed by sections 404(a) and 404(c) of the First Step Act. If a defendant is eligible for a reduction, then a court 'may' impose a reduced sentence." *Shaw*, 957 F.3d at 739 (emphasis in original).

Like Lambert, two of the defendants in *Shaw* were convicted under § 841(b)(1)(A) before August 3, 2010, and thus received the mandatory-minimum penalty when the trigger amount was still only 50 grams. *Id.* at 738. There too, the defendants' relevant conduct far exceeded the new trigger amount of 280 grams established by the Fair Sentencing Act. *Id.* Even so, the Seventh Circuit held that "the statute of conviction alone"—not the relevant conduct—"determines eligibility for First Step Act relief." *Id.* at 739. Conversely, the court rejected the Government's contention that trial judges should conduct "a fact-specific inquiry into the particular circumstances of the offense." *Id.* at 739. Rather, "whether an offense is covered simply depends

— 3 —

on the statute under which a defendant was convicted." *Id.* So even though the two defendants' relevant conduct exceeded the new trigger amount, they were still eligible for relief "because the Fair Sentencing Act modified the penalties" under § 841(b)(1)(A). *Id.; e.g.*, *United States v. Bethany*, 975 F.3d 642, 651 (7th Cir. 2020).

Applying *Shaw* here, Lambert is eligible for a sentence reduction. The underlying offense was committed before August 3, 2010; and the statute of conviction, § 841(b)(1)(A), was modified by the Fair Sentencing Act. That Lambert's relevant conduct exceeds the new trigger amount does not affect his eligibility because only the statute of conviction matters. The Government's argument to the contrary is therefore erroneous—though the Court notes that *Shaw* came down after this case was submitted.

Eligibility, however, "is simply the gateway to resentencing under the First Step Act . . . . The district court's discretion to grant or deny the request for a reduced sentence is the main event." *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020). "Given the complexities of sentencing, the adequacy of a court's reasons for imposing a sentence depends on 'the circumstances of the particular case.' " *Shaw*, 957 F.3d at 740 (quoting *Chavez-Mesa v. United States*, 138 S. Ct. 1959, 1965 (2018)). And the sentencing factors under 18 U.S.C. § 3553 provide a "familiar framework when assessing whether to impose a reduced sentence." *Id.* at 741. *But see id.* at 741 n.2 ("We leave for another day whether a court is *required* to take § 3553(a) into consideration.") (emphasis added). Generally, "[t]he judge need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one.' " *See United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). Rather, it is enough to "simply give an adequate statement of reasons, consistent with § 3553(a), for thinking" that a sentence reduction is—or is not—appropriate. *See Shannon*, 518 F.3d at 496; *see*

*also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[A] district court's discretion in this area—as in all sentencing matters—is broad.").

The § 3553(a) factors set forth these considerations:

(1)    the nature and circumstances of the offense and the history and characteristic of the defendant;

(2)    the need for the sentence imposed—

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for—

    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . or;

    (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;

(5)    any pertinent policy statement—

    (A)    issued by the Sentencing Commission . . . ; and

    (B)    that . . . is in effect on the date the defendant is sentenced[;]

(6)    the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

With that in mind, Lambert contends that the Court should engage in plenary resentencing. (Lambert's Reply at 7–9). But this Court has said before that the First Step Act does not mandate a plenary resentencing proceeding. *E.g.*, *United States v. Curtis*, No. 99-cr-40026-JPG, 2021 WL 391233, at *2 (S.D. Ill. Feb. 4, 2021); *United States v. Waithe*, No. No. 01-cr-40017-JPG 2020 WL 7189506, at *2 (S.D. Ill. Dec. 7, 2020); *United States v. Montgomery*, No. No. 07-cr-40028-JPG, 2020 WL 7189892, at *2 (S.D. Ill. Dec. 7, 2020). Indeed, the Seventh Circuit found in *United States v. Hamilton* that a "district court did not plainly err by reducing [a defendant's] sentence without a plenary resentencing." 790 Fed. App'x 824, 826 (7th Cir. 2020). Similarly, the Seventh Circuit said in *United States v. Fowowe* that "[a] district court . . . is not required and thus does not procedurally err by failing to apply intervening judicial decisions" when considering a motion for a sentence reduction under the First Step Act. 1 F.4th 522, 534 (7th Cir. 2021). That is in line with the majority view—adopted by at least six appellate courts—that no such right to plenary resentencing exists under the First Step Act. *United States v. Concepcion*, 991 F.3d 279,  (1st Cir. Mar. 15, 2021); *United States v. Moore*, 975 F.3d 84, 90–92 (2d Cir. 2020); *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020); *United States v. Kelley*, 962 F.3d 470, 471 (9th Cir. 2020); *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019); *United States v. Hegwood*, 934 F.3d 414, 415 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019).

Whether the First Step Act authorizes plenary resentencing is an issue of statutory interpretation. Section 404(b) of the First Step Act gives the Court discretion to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." "The phrase 'as if' means 'as the case would be if' some difference condition had been in existence, e.g., 'he laughed as if he had said something annihilating funny.'

In other words, the phrase 'as if' requires consideration of a counterfactual situation." *Kelley*, 962 F.3d at 475 (quoting *As*, Oxford Dictionary of English (3d ed. 2011), https://www.oed.com/view/Entry/11307#eid38318876). The First Step Act, therefore, "does not simply authorize a district court to 'impose a sentence,' period. Instead, it authorizes the court to do so subject to the 'as if' clause—that is, to determine the impact of sections 2 and 3 of the Fair Sentencing Act. It would contravene the statutory text to interpret the First Step Act to require a district court to give retroactive effect to additional legal provisions not driven by the Fair Sentencing Act, or to require a district court to engage in collateral review of other unrelated issues that were previously adjudicated." *Moore*, 975 F.3d at 91. "In other words, to say a district court may conduct such a review is not to say it must," *Fowowe*, 1 F.4th at 532;  and the Court will not do so here.

For all that, the § 3553(a) factors weigh against reducing Lambert's term of supervised release. Aside from the change in sentencing law, Lambert merely states that "a reasoned weighing on updated § 3553(a) factors" supports a sentence reduction, (Lambert's Reply at 9), likely based on his erroneous assumption that he is entitled to plenary resentencing. Yet since this case was submitted, seven months after he was released from prison, Lambert was arrested "for allegedly placing his hands around his wife's neck when she was walking away from him during a domestic argument." (Sealed Report on Offender under Supervision at 1, ECF No. 365). True enough, the Court acknowledges that the U.S. Probation Office also said that Lambert "has otherwise adjusted well to supervision, follows instructions, and has a positive attitude toward supervision." (*Id.*). He also successfully served his entire term of imprisonment; and the U.S. Probation Office recognized that Lambert has stayed clean and "maintained regular employment." (*Id.*). But concerns remain: The seriousness of the allegations against him—coming within a year of his release—underscores

the need for Lambert's current ten-year term of supervised release. The current term also reflects the gravity of the underlying offense, which involved between 500 and 1,500 grams of crack; as well as his criminal history, which includes a 1985 conviction for distributing cocaine, a 1990 conviction for battery when he grabbed a woman "by the neck and arms," and a 1991 conviction for unlawful possession of weapons and aggravated assault, (PSR at 8–9). Simply put, the 10-year term of supervised release remains sufficient, but not greater than necessary, to advance the purposes of punishment.

### III.   CONCLUSION

The Court **DENIES** Defendant Leroy Lambert's Motion to Reduce Sentence.

**IT IS SO ORDERED.**

**Dated: Friday, July 23, 2021**

**S/J. Phil Gilbert_____**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**